UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VICKI L. SCHELL, on behalf of herself and others similarly situated, | : : : : | **Civil Action No. 3:15-cv-00418**<br><br>**COMPLAINT - - CLASS ACTION** |
| Plaintiff, | : : | |
| v. | : : : | **JURY TRIAL DEMANDED** |
| FREDERICK J. HANNA & ASSOCIATES, P.C., | : : : : | |
| Defendant. | : | |

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices

1

than about any other issue."[1] In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

3. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

4. Pertinent here, the validation notice must advise the consumer of her rights to dispute the debt, as well as her rights to request, in writing, that the debt collector "provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.*, §§ 1692g(a)(3), (5).

5. If the consumer requests, in writing, within thirty days, that the debt collector provide the name and address of the original creditor, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains . . . the name and address of the original creditor" and mails that information to the consumer. *Id.*, § 1692g(b).

6. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, Hernandez v. Williams, Zinman, & Parham, P.C., No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

2

of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7.     This case centers on the failure of Frederick J. Hanna & Associates, P.C. ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Ohio consumers, or within five days thereafter.[3]

## PARTIES

8.     Vicki L. Schell ("Ms. Schell" or "Plaintiff") is a natural person who at all relevant times resided in Brookville, Ohio.

9.     Ms. Schell is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10.    Ms. Schell's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—

---

[3]    Defendant is currently being sued by the CFPB for using "illegal tactics to intimidate consumers into paying debts they may not owe." The CFPB alleges:

> [T]he Hanna firm churns out hundreds of thousands of lawsuits that frequently rely on deceptive court filings and faulty or unsubstantiated evidence. The CFPB is seeking compensation for victims, a civil fine, and an injunction against the company and its partners.
>
> "The Hanna firm relies on deception and faulty evidence to drag consumers to court and collect millions," said CFPB Director Richard Cordray. "We believe they are taking advantage of consumers' lack of legal expertise to intimidate them into paying debts they may not even owe. Today we are taking action to put a stop to these illegal debt collection practices."

*See* http://www.consumerfinance.gov/newsroom/cfpb-files-suit-against-debt-collection-lawsuit-mill/ (last accessed November 2, 2015).

3

namely, a personal debt allegedly owed to Bank of America, N.A. ("Bank of America") (the "Debt").

11. Upon information and good-faith belief, the Debt was acquired from the original creditor for collection by Defendant after default, or Defendant treated the obligation as if it were in default from the time that Defendant acquired it for collection.

12. Ms. Schell is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is a limited liability company with its corporate headquarters in Marietta, Georgia.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Ms. Schell, as defined by 15 U.S.C. § 1692a(5).

15. At all relevant times, Defendant acted on behalf of, and as an agent of, Bank of America, which hired Defendant to collect the Debt from Ms. Schell.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**JURISDICTION AND VENUE**

18. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4

19. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Schell's action occurred in this District, where Ms. Schell resides in this District, and where Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

20. On or about May 7, 2015, Defendant sent a written communication to Ms. Schell in connection with the collection of the Debt. A true and correct copy of the May 7, 2015 communication to Ms. Schell is attached hereto as **Exhibit A**.

21. The May 7, 2015 communication was the first communication Ms. Schell received from Defendant.

22. Ms. Schell did not receive any additional communications from Defendant within five days of the May 7, 2015 communication.

23. The May 7, 2015 communication stated that Defendant had sent the communication "in reference to your delinquent account as shown below. Please contact our office to make arrangements to pay the unpaid balance." *See* Ex. A.

24. The May 7, 2015 communication then stated:

> Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification. If you request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. A.

25. Defendant's May 7, 2015 communication also stated:

> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

5

Ex. A.

26. Defendant's May 7, 2015 communication violated 15 U.S.C. § 1692g(a) by failing to provide Ms. Schell adequate disclosures.

27. First, the May 7, 2015 communication violated 15 U.S.C. § 1692g(a)(3) by informing Plaintiff that unless she notified Defendant, *in writing*, within 30 days, of any dispute of her Debt, Defendant would assume that debt to be valid.

28. The FDCPA at 15 U.S.C. § 1692g(a)(3) mandates that consumers be apprised of their rights to dispute their alleged debts without limitation. By stating in its initial debt collection letter that Ms. Schell's dispute must be "in writing"—otherwise her Debt would be assumed valid—Defendant misstated Plaintiff's rights under the FDCPA. *See Camacho v. Bridgeport Fin., Inc.,* 430 F.3d 1078, 1082 (9th Cir. 2005) ("The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3). Bridgeport Financial's collection notice violated § 1692g insofar as it stated that disputes must be made in writing.").

29. Second, Defendant's May 7, 2015 communication also violated 15 U.S.C. § 1692g(a)(5) by failing to inform Ms. Schell that Defendant need only provide her the name and address of her original creditor, if different from the current creditor, if she notified Defendant of such request *in writing*.

30. That is, under 15 U.S.C. § 1692g(a)(5), a debt collector need only provide the name and address of the original creditor if requested to do so by a consumer *in writing* within the thirty-day period.

31. By failing to advise Ms. Schell that upon her *written* request within the thirty-day period, Defendant would provide her with the name and address of the original creditor, if

6

different from the current creditor, Defendant failed to make the disclosures mandated by the FDCPA.

32. Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that the requirement to provide the name and address of the consumer's original creditor would be triggered by an oral request, or by means other than in writing. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

33. Indeed, failing to request the name and address of the original creditor *in writing* would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with the name and address of the original creditor, as requested.

34. Upon information and good-faith belief, Defendant's May 7, 2015 communication is based on a form template used by Defendant to collect consumer debts in default.

## CLASS ACTION ALLEGATIONS

35. Ms. Schell brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with an Ohio address, (b) to whom Frederick J. Hanna & Associates, P.C. mailed an initial debt collection communication that stated: (1) "[u]nless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid," and/or (2) "[i]f you request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36. The proposed class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Ms. Schell at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

37. The proposed class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, the claims of Ms. Schell and all of the members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

38. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Ms. Schell has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

40. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the

members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

41. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.  Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

   c. the existence of Defendant's identical conduct particular to the matters at issue;

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(3)

42. Ms. Schell repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 41.

43. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*   *   *

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

*   *   *

44. Defendant's May 7, 2015 communication was its initial communication to Ms. Schell.

9

45. The May 7, 2015 communication was in connection with an attempt to collect the Debt from Ms. Schell.

46. The May 7, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

47. Specifically, the May 7, 2015 communication violated 15 U.S.C. § 1692g(a)(3) by informing Plaintiff that unless she notified Defendant, *in writing*, within 30 days, of any dispute of her Debt, Defendant would assume the debt to be valid.

48. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5)

49. Ms. Schell repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 41.

50. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> \* \* \*
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> \* \* \*

(emphasis added).

51. The FDCPA at 15 U.S.C. § 1692g(b) provides:

> (b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the

10

>debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(emphasis added).

52. Defendant's May 7, 2015 communication was its initial communication to Ms. Schell.

53. The May 7, 2015 communication was in connection with an attempt to collect the Debt from Ms. Schell.

54. The May 7, 2015 communication did not contain the proper disclosures required by 15 U.S.C. §1692g(a)(5), nor did Defendant provide such disclosures within five days thereafter.

55. Specifically, the May 7, 2015 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Ms. Schell that Defendant need only provide her the name and address of her original creditor, if different from the current creditor, if she notified Defendant of her request *in writing*.

56. As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3) and (a)(5);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

11

D. Enjoining Defendant from future violations of §§ 1692g(a)(3) and (a)(5) with respect to Plaintiff and the class;

E. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED: November 20, 2015

Respectfully submitted,

*/s/ David Tannehill*
David Tannehill
Krohn & Moss, Ltd.
Rosewood Place
1406 Westwood Ave.
Suite 206
Lakewood, OH 44107
Tel: (216) 901-0609
Fax: (866) 861-1390
dtannehill@consumerlawcenter.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

* to seek admission *pro hac vice*