UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| VICKI L. SCHELL, on behalf of herself and others similarly situated, | ) ) ) | Case No. 3:15-cv-00418 |
| | ) | Judge Thomas M. Rose |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FREDERICK J. HANNA & ASSOCIATES, P.C., | ) ) ) | |
| Defendant. | ) | |

_____

**ENTRY AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DOC. 17) AND PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF AN INCENTIVE AWARD AND AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES (DOC. 18)**
_____

This case is before the Court on the Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. 17) and Unopposed Motion for Approval of an Incentive Award and an Award of Attorneys' Fees and Reimbursement of Expenses ("Motion for Incentive Award and Award of Fees and Expenses") (Doc. 18) filed by Plaintiff Vicki L. Schell ("Plaintiff").

On March 21, 2016, Plaintiff filed her unopposed motion to preliminarily approve the parties' proposed settlement. On March 31, 2016, Defendant served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorney General of the State of Ohio. On March 31, 2016, the Court preliminarily

approved the parties' proposed settlement. On April 20, 2016, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered by the Court.

On June 8, 2016, Plaintiff filed the Motion for Final Approval and Motion for Incentive Award and Award of Fees and Expenses that are currently before the Court. On July 7, 2016, this Court held a fairness hearing regarding the parties' proposed settlement and pending motions.

Having considered Plaintiff's Motion for Final Approval and Motion for Incentive Award and Award of Fees and Expenses, the Court finally approves the proposed settlement and approves the requested incentive award and award of attorneys' fees and expenses.

The Court confirms that it has jurisdiction over this matter and the parties to it.

The Court further certifies the following class, for settlement purposes, under Federal Rule of Civil Procedure 23:

> All persons with an Ohio address, to whom Frederick J. Hanna & Associates, P.C. mailed an initial debt collection communication that stated: "[u]nless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid," and/or (2) "[i]f you request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor," between November 20, 2014 and November 20, 2015, in connection with the collection of a consumer debt.

The Court finds that this matter meets the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court also appoints Vicki L. Schell as class representative, and the following attorney and law firm as Class Counsel:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431

*See, e.g.*, *Green v. Dressman Benzinger Lavelle, PSC*, No. 14-00142, 2015 WL 223764 (S.D. Ohio Jan. 16, 2015) (granting final approval of FDCPA class settlement and appointing Greenwald Davidson Radbil PLLC class counsel).

The Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a common fund in the amount of $1,770.00, which will be distributed on a pro-rata basis to each of the 177 class members who did not exclude themselves from this settlement, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

2. Defendant will pay to Plaintiff $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), and an additional $500.00 for her service to the class, for a total sum of $1,500.00.

3. Defendant will pay the costs of notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or Class Counsel.

3

The Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best notice practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of the class action settlement.

The Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt out of, it.

The Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members.

The Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class member objected to the settlement or made a valid and timely request for exclusion. Thus, this Order is binding on all class members.

The Court approves the individual and class releases set forth in the class action settlement agreement. The terms of the parties' settlement agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of all claims by all parties in this action.

The Court awards a total of $ 21,250.00 for Class Counsel's costs, expenses, and attorneys' fees, which amount the Court finds reasonable under the Fair Debt Collection

Practices Act after consideration of the memorandum (Doc. 18) and supporting declaration (Doc. 18-1) submitted by Plaintiff's counsel.

The Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 8, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE